**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000696**
**16-NOV-2023**
**09:06 AM**
**Dkt. 70 SO**

NO. CAAP-20-0000696


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HSBC BANK USA, NATIONAL ASSOCIATION FOR THE BENEFIT OF ACE
SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-NC3,
ASSET BACKED PASS-THROUGH CERTIFICATES, Plaintiff-Appellee, v.
MARK CORBA also known as MARK ALAN CORBA also known as
MARK-ALLAN: CORBA also known as MARK-ALLAN: CORBA;
MARK-ALLAN: CORBA, AS TRUSTEE OF THE MARK CORBA TRUST,
A PRIVATE CONSTRUCTIVE IRREVOCABLE TRUST
DATED OCTOBER 14, 2010; Defendant-Appellant,
USAA FEDERAL SAVINGS BANK; DESIGN & BUILD SERVICES, INC.;
CHUTIPA SRIJAN; Defendants-Appellees, and
JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS,
CORPORATIONS OR ENTITIES 1-20, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC171000508(1))


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Mark **Corba**[1] appeals from the

Circuit Court of the Second Circuit's October 6, 2020 Judgment

---

[1]  The caption reads:  "Mark Corba a.k.a Mark Alan Corba a.k.a Mark-Allan: Corba a.k.a. Mark-Allan: Corba; Mark-Allan: Corba, as Trustee of the Mark Corba Trust, a private constructive Irrevocable Trust dated October 14, 2010[.]"  (Formatting altered.)

and "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties Filed January 14, 2020."[2]

On appeal, Corba asserts that the circuit court erred by granting Plaintiff-Appellee HSBC Bank USA, National Association for the Benefit of Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates' (**HSBC**) January 14, 2020 Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties.[3]

Specifically, Corba contends that HSBC failed to establish standing, admissibility of its business records, adequate cancellation notice, and Select Portfolio Servicing's (**SPS**) Document Control Officer Mark Syphus (**Syphus**) as a qualified witness. Corba also contends the circuit court erred in declining to allow him to withdraw his automatic admissions.

---

[2] The Honorable Rhonda I.L. Loo presided.

[3] Corba did not preserve for appeal his arguments concerning New Century's bankruptcy, when Select Portfolio Servicing (**SPS**) obtained possession of the loan records, and the date the Note was indorsed. See Cnty. of Hawaiʻi v. C & J Coupe Fam. Ltd. P'ship, 119 Hawaiʻi 352, 373, 198 P.3d 615, 636 (2008) (explaining that "if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal").

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced by the parties, we resolve Corba's contentions as follows, and vacate and remand.

Regarding his challenge to HSBC's standing to foreclose, Corba argues that the entity that allegedly had physical possession of the Note at the time the complaint was filed, Deutsche Bank, was unrelated to HSBC, and HSBC provides no proof of a custodial-agency relationship between HSBC and Deutsche Bank.

At the outset, we emphasize that "[i]n order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclose under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017). Thus, the foreclosing party must "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id.

To establish standing to foreclose, a "plaintiff must necessarily prove its entitlement to enforce the note[.]" Reyes-Toledo, 139 Hawaiʻi at 368, 390 P.3d at 1255. When a note is indorsed in blank, it becomes payable to the bearer and may

3

be negotiated by transfer or possession alone.  Id. at 370, 390 P.3d at 1257.  Thus, when a lender forecloses on a mortgage secured by a blank-indorsed note, the lender must establish that it held the note at the time it filed the complaint.  See id.

A foreclosing party may establish it is the holder of a note by showing that its agent physically possesses it.  See e.g., U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 327-28, 489 P.3d 419, 431-32 (2021).  There must be evidence connecting the custodial agent with the principal.  Cf., e.g., Bank of New York Mellon as Tr. for Certificate-Holders CWABS Asset-Backed Notes Tr. 2006-SD4 v. Bautista, 153 Hawaiʻi 280, 534 P.3d 544, No. CAAP-17-0000621, 2023 WL 4546454 at *8 (App. July 14, 2023) (am. mem. op.) (concluding that bailee letter from law office to third-party was insufficient to establish possession of note by the lender's agent in absence of any supporting evidence connecting the bailee or third-party to the lender, servicer, or lender's counsel).

In his declaration, Syphus stated that he is an officer of SPS, HSBC's servicer for the subject loan.  Syphus further stated, "According to SPS's business records, [HSBC], through its custodian Deutsche Bank, has possession of the note in this instant action . . . and was in possession of the Note at the time of the filing of the complaint."

4

Syphus then stated, "A true and correct copy of the documentation supporting note possession at the time of the filing of the complaint is attached as Exhibit '4' . . . ." Exhibit 4 appears to contain an entry prepared by "Jaren French, [SPS]" indicating that Deutsche Bank "[i]s the custodian in possession of the [N]ote" and that the Note was physically located in Santa Ana, California.

However, there is nothing in Exhibit 4 to show that Deutsche Bank possessed the Note as the custodial agent for HSBC or to otherwise show a connection between HSBC, Deutsche Bank, and the Note. And HSBC does not point to any other evidence in the record to support Syphus' assertion.

The two words - "its custodian" - in Syphus' declaration, "standing alone and uncorroborated by documentary evidence," were insufficient to show there was no genuine issue as to whether Deutsche Bank was HSBC's custodial agent and that HSBC was entitled to a judgment as a matter of law. See Verhagen, 149 Hawaiʻi at 327, 489 P.3d at 431 (explaining that the declarant testified "U.S. Bank had actual or constructive possession of the Note at the time it filed the complaint," and that "[s]uch testimony, standing alone and uncorroborated by documentary evidence, would be insufficient to establish U.S. Bank possessed the Note when it filed the complaint"). Thus, the circuit court erred in granting HSBC's motion for summary

judgment.  U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 30, 398 P.3d 615, 619 (2017) (reviewing the granting of summary judgment de novo).

Based on the foregoing, this court need not reach Corba's remaining contentions.  We vacate the circuit court's October 6, 2020 Judgment, and remand for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, November 16, 2023.

| | |
|---|---|
| On the briefs: | /s/ Lisa M. Ginoza<br>Chief Judge |
| Keith M. Kiuchi,<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Patricia J. McHenry,<br>Lisa K. Swartzfager,<br>(Cades Schutte),<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |